IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN ROSSO-GANA and STEPHEN GANA, | : <br> : <br> : CIVIL ACTION |
| Plaintiffs, | : <br> : |
| v. | : <br> : NO. 15-2016 |
| MCDONALD'S RESTAURANT and LEWIS FOODS OF 42nd STREET, LLC, | : <br> : <br> : |
| Defendants. | : |

### MEMORANDUM

BUCKWALTER, S.J.                                              May 28, 2015

Currently pending before the Court is the Motion to Dismiss Plaintiff's Complaint Based on Lack of Personal Jurisdiction and on Improper Venue. For the following reasons, the Motion is granted.

### I.     FACTUAL BACKGROUND

On November 3, 2012, Plaintiffs Kathleen Rosso-Gana and Stephen Gana—husband and wife and residents of Washington Crossing, Pennsylvania—were purchasing food items from Defendant McDonalds Restaurant ("McDonalds"), a New York business entity located at 220 W. 42nd Street, New York, New York.[1] (Compl. ¶¶ 1–3, 7.) McDonalds is owned by Defendant Lewis Foods of 42nd Street, LLC ("Lewis Foods"). (Id. ¶ 4.) While at McDonalds, Plaintiff Ross-Gana slipped and fell on a wet and slippery substance on the steps as she was exiting the restaurant, striking her head on the wall as she tumbled. (Id. ¶ 7.)

---

[1] The recitation of facts is taken entirely from the Complaint.

Plaintiffs originally initiated suit in the Bucks County Court of Common Pleas, but the court dismissed the case on preliminary objections for lack of personal jurisdiction. Thereafter, on April 17, 2015, Plaintiff brought suit against Defendants in this Court setting forth claims of negligence and loss of consortium. Defendants filed the current Motion to Dismiss on May 4, 2015, and Plaintiff responded on May 12, 2015, making this matter ripe for judicial consideration.

## II.   STANDARD OF REVIEW

Motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) require the court to accept as true the allegations of the pleadings and all reasonable inferences therefrom, and to resolve all factual disputes in favor of the plaintiff. Fed. R. Civ. P. 12(b)(2); see also Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002). The Rule, however, "does not limit the scope of the court's review to the face of the pleadings"; rather the court must also consider any affidavits submitted by the parties. Scott v. Lackey, No. Civ.A.02-1586, 2005 WL 2035598, at *1 (M.D. Pa. Aug. 11, 2005).

Although a defendant has the initial burden of raising the defense of lack of personal jurisdiction, once such a defense is raised, the burden shifts to the plaintiff to demonstrate facts that suffice to support an exercise of personal jurisdiction. Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987); Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F. Supp. 2d 415, 418 (E.D. Pa. 2005). Plaintiff may do so through affidavits or competent evidence that show sufficient contacts with the forum state. De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, No. Civ.A.08-0533, 2008 WL 4822033, at *3 (E.D. Pa. Nov. 4, 2008). Such contacts must be established with "reasonable particularity," to present a prima

facie case. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident, 819 F.2d at 437). If the plaintiff meets this burden, the defendant must then establish the presence of other considerations that would render personal jurisdiction unreasonable. De Lage, 2008 WL 4822033, at *3 (citing Carteret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992)).

## III.  DISCUSSION

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a non-resident defendant to the extent provided by the law of the state in which the federal court sits. Fed. R. Civ. P. 4(k)(1)(A); see also Martin v. Citizens Fin. Group, Inc., No. Civ.A.10-260, 2010 WL 3239187, at *3 (E.D. Pa. Aug. 13, 2010). Pennsylvania law, which governs the present case, necessitates the application of Pennsylvania's long-arm statute, 42 Pa. C.S. § 5322. Under this statute, personal jurisdiction of Pennsylvania courts over nonresident defendants is permitted "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b); see Mellon Bank, 960 F.2d at 1221 ("The Pennsylvania statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment."). Therefore, a court need only inquire whether the exercise of personal jurisdiction over the defendant would be constitutional under the Due Process Clause. Mellon Bank, 960 F.2d at 1221. Pursuant to such constitutional considerations, physical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998). Instead, personal jurisdiction may

3

be based on either a defendant's general contacts or his specific contacts with the forum. Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001).

"General jurisdiction depends on a defendant having maintained 'continuous and systematic contacts' with the forum state." D'Jamoos ex rel. Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 107 (3d Cir. 2009) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415–16 (1984)). Proof of such contact requires a showing of "extensive and pervasive" activity in the forum state. See Reliance Steel Prods. Co. v. Watson, Ess, Marshall, & Engass, 675 F.2d 587, 589 (3d Cir. 1982) (quotations omitted). The defendant's contacts need not be related to the cause of action being litigated. McMullen v. Eur. Adoption Consultants, Inc., 109 F. Supp. 2d 417, 418 (W.D. Pa. 2000). If the foreign defendant "maintains 'continuous and systematic' contacts with a state, the state has general personal jurisdiction over the party, and the non-resident may be sued in that state on any claim." Wilmington Fin., Inc. v. Moonis, No. Civ.A.08-2365, 2008 WL 4661033, at *3 (E.D. Pa. Oct. 21, 2008) (quotations omitted).

In the absence of "continuous and systematic" contacts, a plaintiff may rely on "specific jurisdiction" where the cause of action is related to or arises out of the defendant's contacts with the forum. IMO Indus., 155 F.3d at 259 (citing Helicopteros, 466 U.S. at 414 n.8). Proper establishment of specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test. Louis A. Grant, Inc. v. Hurricane Equip., Inc., No. Civ.A.07-438, 2008 WL 892152, at *3 (W.D. Pa. Apr. 2, 2008). First, the plaintiff needs to show that the defendant has "constitutionally sufficient 'minimum contacts' with the forum." IMO Indus., 155 F.3d at 259 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). Second, the plaintiff's claim must "arise out of or relate to those activities." Helicopteros, 466 U.S. at 414. Third, the

4

reviewing court should consider additional factors to ensure that the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (enumerating the three elements of specific jurisdiction).

In the present case, Plaintiff does not assert that the Court has general jurisdiction over the Defendants. Rather, he claims that Defendants have minimum contacts with Pennsylvania, from which the present dispute arises, such that this Court's exercise of jurisdiction over them will not violate traditional notions of fair play and substantial justice. Defendants, in turn, respond that they have no contacts with Pennsylvania to constitutionally allow for the extension of personal jurisdiction over them. In an effort to resolve this dispute, the Court now turns to the analysis enumerated by the Supreme Court.

### 1. Whether Defendants Have Sufficient Minimum Contacts with Pennsylvania to Warrant the Exercise of Personal Jurisdiction

To satisfy the first two components of the specific jurisdiction test, the acts identified by plaintiff must be "such that [the defendant] should reasonably anticipate being haled into court [in the forum state]." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). It has long been recognized that the minimum contacts necessary to support specific jurisdiction exist only where the defendant "has purposefully directed its activities toward the residents of the forum state . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" IMO Indus,, 155 F.3d at 259 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958) (other internal quotations

omitted)). "This test is intended to protect a non-resident defendant from jurisdiction based on contacts that are 'random, fortuitous,' or 'attenuated,' or that result from the unilateral activity of another party or a third person." Pullman Fin. Corp. v. Hotaling, No. Civ.A.07-1703, 2008 WL 2563372, at *4 (W.D. Pa. June 24, 2008) (quoting Burger King, 471 U.S. at 475). As noted by the United States Court of Appeals for the Third Circuit, "in the course of this necessarily fact-sensitive inquiry, the analysis should hew closely to the reciprocity principle upon which specific jurisdiction rests . . . . With each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations . . . specific jurisdiction is the cost of enjoying the benefits." O'Connor, 496 F.3d at 323 (internal citations omitted).

In the present matter, Defendants present competent evidence that the McDonald's restaurant at issue is not a legal entity, but rather is owned and operated by Lewis Foods of 42nd Street, LLC ("Lewis Foods"), a New York limited liability company with a principal place of business located at 220 West 42nd Street, New York, New York 10036. (Defs.' Mot. to Dismiss, Ex. E, Aff. of James Lewis ("Lewis Aff."), ¶¶ 4–5, 7.) Lewis Foods does not own or operate any McDonald's restaurant businesses in Pennsylvania. (Id. ¶ 8.) Nor does Lewis Foods own any property or conduct any business in Pennsylvania. (Id. ¶ 9.) All of the events in this case occurred in New York and Plaintiff has not shown that Defendants advertised or otherwise reached into Pennsylvania to solicit business. Indeed, the sole connection to Pennsylvania, in this case, is that Plaintiffs—who happen to be Pennsylvania residents—elected to visit the Defendant McDonalds on the day in question.

In an effort to establish some minimum contact to substantiate this Court's exercise of personal jurisdiction, Plaintiff cites to Pennsylvania's long-arm statute at 42 Pa. C.S. §

5322(a)(4), which states that "[a] tribunal of this Commonwealth shall exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person . . . (4) [c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." Id. They go on to assert that Defendatns could reasonably anticipate the possibility of having to litigate in a neighboring state, such as Pennsylvania, by conducting business in a neighboring state, particularly in New York at the "epicenter of [] the Theater District in one of the most visited areas of one of the most visited cities in the world—and deriving profit from such business invitees." (Pls.' Resp. Opp'n Mot. to Dismiss 6.)

Plaintiffs' argument, however, fails to identify a singular minimum contact that Defendants had with Pennsylvania. It is well established that "[i]n the absence of any contacts with Pennsylvania, the fact that harm is felt in Pennsylvania from contact occurring outside the state is not sufficient to satisfy due process unless the defendant targets Pennsylvania through the tortious conduct." Resnick v. Manfredy, 52 F. Supp. 2d 462, 468 (E.D. Pa. 1999). "Foreseeability of harm within the forum state must be accompanied by conduct directed at the forum state in order for the defendant to reasonably anticipate being haled into the state's courts." Surgical Laser Techs., Inc. v. C.R. Bard, Inc., 921 F. Supp. 281 285 (E.D. Pa. 1996). "There is a critical difference between an act which has an effect in the forum and one directed at the forum itself. . . . The bottom line is that any injury that manifested itself within Pennsylvania because of [a defendant's] tortious conduct outside Pennsylvania, although foreseeable, was fortuitous, not purposeful." Id.

In the present case, all of the allegedly tortious activity by Defendants occurred in New

7

York and was in no way directed at Pennsylvania. While Defendants' location in a popular area in New York City would make it foreseeable that the effects of tortious conduct could be felt in Pennsylvania, or any other state, the fact that such effects occurred in Pennsylvania was merely fortuitous and not purposeful. To carry Plaintiff's logic forward, the Court would have to find that any visitor to Defendants' establishment that slipped and fell on some hazardous condition therein would be entitled to drag Defendants into their home state for litigation, regardless of the fact that Defendants had no contact with that particular state. As noted above, due process is satisfied when the defendant has *purposefully* established minimum contacts with the forum state. Int'l Shoe Co. v. Wash., 326 U.S. at 316. "Random, fortuitous, and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction." Aventis Pasteur, Inc. v. Alden Surgical Co., Inc., 848 A.2d 996, 1000 (Pa. Super. Ct. 2004). Absent at least some minimum, purposeful conduct with the forum state, this Court simply cannot exercise personal jurisdiction over Defendants.[2]

---

[2] Plaintiffs appear to rest their entire personal jurisdiction argument on the Pennsylvania Superior Court case of Schiavone v. Aveta, 41 A.3d 861 (Pa. Super Ct. 2012). In that case, however, there was an automobile accident in Pennsylvania between Plaintiff, a Pennsylvania resident, and Defendant's employee-driver, also a resident of Pennsylvania. Id. at 864. The driver, at the time, was an employee of Defendant—a New Jersey-resident—who was driving home in the Defendant's work truck after a day of work. Id. The court found minimum contacts because it concluded that "an employee commuting home from work in a company-owned vehicle for which all travel expenses are paid for by the employer is acting within the scope of his employment." Id. at 868. As such, it determined that the "employer is responsible for any tortious activity caused as a result of the employee's driving." Id. at 868.
      In this case, unlike Schiavone, there was no contact whatsoever with Pennsylvania. The allegedly tortious activity occurred in New York, the Defendants acted only in New York, the injury occurred in New York, and Defendants did not direct any conduct towards Pennsylvania, other than randomly serving patrons who haled from multiple states, including Pennsylvania.

## 2. Whether the Exercise of Personal Jurisdiction Over Defendants Comports with "Fair Play and Substantial Justice"

Even if the sufficient minimum contacts were present in this case, Plaintiffs' argument would still fail at the third prong of the specific jurisdiction test, which requires that a reviewing court ensure that the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320). The United States Supreme Court has identified five factors that courts should consider when balancing jurisdictional reasonableness, including: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate and international judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest for the several states in furthering fundamental substantive social policies. O'Connor, 496 F.3d at 324 (citing Burger King, 471 U.S. at 477; Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987)).

Plaintiffs assert that:

> [I]t is acknowledged that there would be an inconvenience for the defendants to litigate this matter in Pennsylvania rather than in New York, but it would unquestionably be more of a burden on the plaintiffs and their witnesses to do so outside of their home state. Furthermore, as mentioned previously, the defendants certainly could and should have reasonably anticipated that out-of-state customers would be patronizing their high-profile location. Litigating in another *near-by* state, is simply a cost of doing business, as the court implied in Schiavone, supra., that the defendant is obligated to bear. Lastly, the forum state, Pennsylvania definitely has an interest in allowing its aggrieved citizens to litigate their disputes and vindicate their rights in a more convenient forum without having to suffer the prohibitive inconvenience and expense of having to transport all of their lay and expert witnesses to New York. Accordingly, maintaining jurisdiction in Pennsylvania would not only be in the best interest of the judicial system in "the most efficient resolution of controversies", but, for the reasons mentioned supra., would also comport with "the shared interest of several states in furthering fundamental social policies."

(Pls.' Resp. Opp'n Mot. to Dismiss 7–8.)

This argument is misplaced on several levels. Under the first factor of jurisdictional reasonableness, the Court notes that requiring a New York-based business—particularly one that has no purposeful contacts with any other state—to litigate in Pennsylvania simply because one of its patrons was from Pennsylvania would result in an extreme burden on Defendants. Second, while Pennsylvania certainly bears an interest in protecting its own citizens, it otherwise has no ability to guard against or regulate the allegedly unsafe conditions in the New York Defendants' establishment. Third, as Plaintiffs repeatedly note, New York is a neighboring state to Pennsylvania, and one to which Plaintiffs purposely chose to travel at the time of the allegedly tortious activity by Defendants, meaning that returning there to litigate their case would not result in any undue hardship to Plaintiffs. Moreover, Plaintiffs have not shown that a New York court would be any less effective in adjudicating this dispute. Fourth, the interest in efficient resolution of the case would advocate in favor of a New York forum since New York was the locale of the restaurant and allegedly hazardous conditions in question, any eyewitnesses to the incident would most likely also be located in New York, and Defendants themselves are residents of New York. "[E]xpert witnesses or witnesses who are retained by a party to testify carry little weight because they 'are usually selected because of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any.'" Inaganti v. Columbia Props. Harrisburg LLC, No. Civ.A.10-1651, 2010 WL 2471671, at *4 (E.D. Pa. June 15, 2010) (quoting Webster–Chicago Corp. v. Minneapolis–Honeywell Regulator Co., 99 F. Supp. 503, 505 (D. Del. 1951)). Moreover, any expert witness in this case would, in any event, have to visit Defendants' establishment in order

to opine on whether the area in which Plaintiff fell was dangerous. Finally, the fifth factor has no bearing on this case. Accordingly, Plaintiff has failed to show that this Court's exercise of personal jurisdiction otherwise comports with traditional notions of fair play and substantial justice.

### 3. Conclusion

For all of the foregoing reasons, the Court finds that it does not have personal jurisdiction over Defendants in this matter. First and foremost, Plaintiffs have not shown that Defendants have constitutionally-sufficient minimum contacts with Pennsylvania, such that they can be said to have purposefully availed themselves of doing business in this state. Indeed, all of the events in this case occurred in New York during Plaintiffs' voluntary visit to Defendants' restaurant establishment. Second, it is abundantly obvious that the exercise of jurisdiction in this case would not comport with notions of fair play and substantial justice. Defendants took no actions in Pennsylvania, did not reach into Pennsylvania for any of its business dealings, and could not reasonably foresee being haled into court in Pennsylvania. Moreover, judicial economy and convenience factors suggest that New York is the most appropriate forum. Therefore, the Court will grant Defendants' Motion and dismiss this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[3]

An appropriate Order follows.

---

[3] Defendants also argue that Plaintiff's Complaint should be dismissed on the additional grounds of improper venue. Having already found that personal jurisdiction is absent, the Court need not reach this additional argument.